USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/2/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CONTINENTAL INSURANCE COMPANY,

       Petitioner,

    -v.-

AXA VERSICHERUNG AG,

       Respondent.
------------------------------------------------------------X

18-CV-7349 (VEC)

ORDER

VALERIE CAPRONI, United States District Judge:

Petitioner Continental Insurance Company ("Continental Insurance"), as successor by merger to Continental Reinsurance Corporation ("Continental Re"), brings this action against Respondent AXA Versicherung AG ("AXA") to confirm a final arbitration award, pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq. See* Pet., Dkt. 1. AXA has not opposed the Petition. For the following reasons, the Petition is GRANTED.

## BACKGROUND

Continental Insurance is a provider of property and casualty insurance. *See* Pet.'s Mem. of Law, Dkt. 6, at 3. Continental Re was a reinsurer of Continental Insurance. *See id.* AXA, in turn, provided reinsurance to Continental Re, a service known as "retrocessional reinsurance." *See id.*[1] The relationship between Continental Re and AXA was governed by a Quota Share

---

[1]  As a court in this District has explained:

> Reinsurance is a business arrangement in which primary insurers transfer or cede risks of loss from the contracts they sell. An insurance company remits a percentage of premiums it receives to a reinsurer in exchange for an obligation by the reinsurer to be responsible for some percentage of the original insurance policy. Essentially, reinsurance is insurance for insurance companies. Similarly, reinsurance companies may reduce their risk by selling portions of their reinsurance contracts to other reinsurers, thereby diversifying their underlying obligations among reinsurers. Reinsurance involving a reinsurer's purchase of another reinsurance company's obligations is known as "retrocessional" reinsurance, with the additional reinsurer referred to as a "retrocessionaire."

1

Retrocessional Agreement (the "Treaty"). *See id.* at 2–3. In 2006, Continental Re merged with Continental Insurance, but Continental Re continued providing Continental Insurance with internal reinsurance services, and AXA continued providing retrocessional services to Continental Insurance. *See id.* at 3.

In 2016, AXA announced that it would no longer make retrocessional payments to Continental Insurance. *See id.* at 3. In AXA's view, a Loss Portfolio Transfer Reinsurance Agreement (the "LPT Agreement"), which Continental Insurance had recently entered into with a third party, absolved AXA of its responsibility to continue making retrocessional payments. *See id.*; *see also* Final Award, Dkt. 7, Ex. A, at 2. Continental Insurance objected and argued that AXA was required to continue making payments. *See* Pet.'s Mem. of Law at 3.

Pursuant to the terms of the Treaty, Continental Insurance promptly initiated arbitration to resolve the parties' dispute. *See id.* The parties conducted discovery as part of the arbitration proceeding and, on June 20, 2018, submitted the dispute to a panel of three arbitrators in New York. *See id.* On July 12, 2018, the arbitration panel issued a Final Award, deciding that the LPT Agreement did not absolve AXA of its responsibility to make retrocessional payments to Continental Insurance. *See id.* at 3–4; Final Award at 2–3. The panel awarded Continental Insurance damages in the amount of $337,034 plus interest at a rate of 9 percent per annum from "the date 30 days after the date of each unpaid bill until the principal amount is paid." Final Award at 3.

On August 14, 2018, Continental Insurance filed a Petition with this Court to confirm the Final Award. *See* Pet. On September 11, 2018, Continental Insurance informed the Court that

---

*Canada Life Assur. Co. v. Guardian Life Ins. Co. of Am.*, 242 F. Supp. 2d 344, 346 (S.D.N.Y. 2003) (citation omitted).

AXA did not intend to oppose the Petition. *See* Ltr., Dkt. 11. AXA has not submitted a response to the Petition.

## DISCUSSION

**I.    Legal Standard**

Pursuant to the FAA:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order, unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

9 U.S.C. § 9. "There is nothing malleable about 'must grant,' which unequivocally tells courts to grant confirmation in all cases, except when one of the 'prescribed' exceptions applies." *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 587 (2008). "The arbitrator's rationale for an award need not be explained, and the award should be confirmed 'if a ground for the arbitrator's decision can be inferred from the facts of the case.'" *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (quoting *Barbier v. Shearson Lehman Hutton Inc.*, 948 F.2d 117, 120 (2d Cir. 1991)). "Only 'a barely colorable justification for the outcome reached' by the arbitrators is necessary to confirm the award." *Id.* (quoting *Landy Michaels Realty Corp. v. Local 32B–32J, Service Employees Int'l Union*, 954 F.2d 794, 797 (2d Cir. 1992)).

Accordingly, the Second Circuit has "repeatedly recognized the strong deference appropriately due arbitral awards and the arbitral process, and has limited its review of arbitration awards in obeisance to that process." *Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC*, 497 F.3d 133, 138 (2d Cir. 2007). Courts should "vacate an arbitration award only upon finding a violation of one of the four statutory bases [enumerated in the FAA], or, more rarely, if [the court] find[s] a panel has acted in manifest disregard of the law." *Id.*

When a petition to confirm an arbitration award is unopposed, courts treat the petition "as akin to a motion for summary judgment based on the movant's submissions." *D.H. Blair*, 462 F.3d at 109; *see also, e.g.*, *Trustees of the N.Y.C. Dist. Council of Carpenters Pension Fund, et al. v. Ferran Dev. Corp.*, No. 13-CV-1482, 2013 WL 2350484, at *2 (S.D.N.Y. May 30, 2013).

## II. Application

The Treaty expressly provides that all disputes arising under it "shall be submitted to [a panel of] three arbitrators"; that the decision of the panel "shall be final and binding on both parties"; and that "[j]udgment may be entered upon the final decision of the arbitrators in any court having jurisdiction." Treaty, Dkt. 7, Ex. B, art. XVIII at 10–11. Continental Insurance properly petitioned to confirm the Final Award within one year of its issuance (the Final Award was issued in July 2018; Continental Insurance filed the Petition in August 2018). Thus, Continental Insurance has met the statutory requirements for confirming its arbitration award. *See* 9 U.S.C. § 9. The Court finds that the Final Award has more than a sufficient justification and that no statutory exception applies. Thus, the Petition to confirm the arbitration award is GRANTED.

The arbitration award orders AXA to pay Continental Insurance "$337,034 plus pre-award interest at the rate of 9% per annum from the date 30 days after the date of each unpaid bill until the principal amount is paid." Final Award at 3. "Because the Award is for a sum certain, the Court need not make further inquiry into damages." *Herrenknecht Corp. v. Best Rd. Boring*, No. 06-CV-5106, 2007 WL 1149122, at *2 (S.D.N.Y. Apr. 16, 2007).[2] The Court therefore awards Continental Insurance $337,034.00 in damages. The Court further awards

---

[2] *See also, e.g.*, *Power Partners MasTec, LLC v. Premier Power Renewable Energy, Inc.*, No. 14-CV-8420, 2015 WL 774714, at *2 (S.D.N.Y. Feb. 20, 2015); *Abondolo v. H. & M. S. Meat Corp.*, No. 07-CV-3870, 2008 WL 2047612, at *3 (S.D.N.Y. May 12, 2008); *cf. Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989).

4

Continental Insurance interest at a rate of 9 percent per annum from the date 30 days after the date of each unpaid bill until the principal amount is paid.

## CONCLUSION

For all the foregoing reasons, Continental Insurance's Petition to confirm the arbitration award is GRANTED.

The Clerk of Court is respectfully directed to enter judgment for Plaintiff in the amount of $337,034.00 in damages and interest at a rate of 9 percent per annum from the date 30 days after the date of each unpaid bill until the principal amount is paid.

The Clerk is also respectfully directed to terminate all open motions and to close the case.

**SO ORDERED.**

**Date: January 2, 2019**
**New York, New York**

_____
**VALERIE CAPRONI**
**United States District Judge**